FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER LEE EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-137 |
| ) | |
| SHERIFF AL ST. LAWRENCE, ) | |
| PRISON HEALTH SERVICES, and ) | |
| MRS. POOLE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On June 2, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate at the Chatham County Detention Center, filed the instant complaint seeking compensatory damages for pain and suffering he experienced due to an "ingrown toenail . . . at the most severe stage." Doc. 5.[1] Plaintiff alleges that he has submitted an "abundance" of medical requests as well as "numerous grievances" in an attempt to receive

---

[1] Plaintiff's original complaint merely sought copies of grievance forms that plaintiff allegedly completed regarding his condition. Doc. 1. After the Court conditionally granted plaintiff leave to proceed *in forma pauperis* in this action, plaintiff submitted an amended complaint setting forth the underlying factual basis for his purported cause of action. Doc. 5.

treatment for his toenail. Id. Plaintiff acknowledges that prison medical staff have made some "minor attempts" to treat his toenail but states that these efforts have failed to afford him any relief. Id. Plaintiff believes the toenail needs to be removed by a doctor who is independent of the jail. Id. Plaintiff seeks monetary damages for his pain and suffering as well as an investigation of the jail in order to "bring it up to [Federal] standards." Id.

The Eighth Amendment requires prison authorities to provide medical care for those they incarcerate, and the Supreme Court has held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 103, 105 (1976). For denial of medical care to constitute an Eighth Amendment violation, the plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). However, "a complaint that a physician has been *negligent* in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106 (emphasis added) ("Medical malpractice does not become a constitutional violation merely

3

because the victim is a prisoner."); see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) ("'[I]t is obduracy and wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs.'") (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Plaintiff must also allege and prove a "subjective awareness of the relevant risk" by medical personnel. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff states that his ingrown toenail is causing him severe pain and that this toenail needs to be removed. Doc. 5. Plaintiff concedes that prison medical staff have provided some treatment for his toenail, but he maintains that "what is needed is for the toenail[] to be removed . . . by a doctor independent of the jail." Id. A prisoner's mere disagreement with a physician's diagnosis or treatment plan, however, does not state a cognizable claim for relief under § 1983. "[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d at 1545 (quoting Estelle, 429 U.S. at 107); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (no recovery under § 1983 for disagreements between patient and

doctor about what is medically necessary or justifiable). A § 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." <u>Brinton v Gaffney</u>, 554 F. Supp. 388, 389 (E.D. Pa. 1983). Indeed, "even gross negligence" is insufficient to establish liability under § 1983. <u>Miller v. King</u>, 384 F.3d 1248, 1261 (11th Cir . 2004).

Furthermore, the body of plaintiff's complaint is barren of any specific allegations against any of the named defendants. Plaintiff alleges that he has made "a number of requests in keeping with the jail inmate handbook," doc. 5, but he fails to name the person or persons to whom he made these requests. Plaintiff simply states that "[a]bsolutely no relief of the pain has been given to [him]" and that since he is in the custody of the sheriff's department, it is responsible for his safety and welfare. Doc. 5.

Although at least one court has found that "it is unlikely that an ingrown toe nail, by itself, would constitute a serious medical need for purposes of the Eighth Amendment," <u>Savada v. McReedy</u>, 2003 WL 23100280, *5 (W.D. Wis. May 30, 2003), the Court will assume that plaintiff's condition is sufficiently serious to warrant Eighth Amendment protections. It appears, however, that plaintiff's claim does not amount to

much more than a difference of opinion on how he should be treated, or at the very most, a claim of malpractice for the failure of the medical staff to remove his ingrown toenail. Plaintiff has failed to allege the type of callous or wanton behavior on the part of the named defendants that would state a violation of his Eighth Amendment rights.[2]

Based on the foregoing, the Court concludes that plaintiff has failed to state a claim of deliberate indifference to his medical needs under § 1983. His complaint should therefore be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 2nd day of **November, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] It is unclear from plaintiff's complaint whether he is an inmate or a pretrial detainee. Although the Eighth Amendment's prohibitions against cruel and unusual punishment apply only to convicted prisoners and not to pretrial detainees, it is well settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth Amendment for convicted persons. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Thus, the standard for providing medical treatment to those incarcerated following a conviction or held in pretrial detention is the same under both the Eighth Amendment and the due process clause.